UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61160-CIV-COHN

STANLEY THOMAS VORSTEG,

Magistrate Judge Seltzer

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER DENYING MOTION FOR RECUSAL**
**AMENDED ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR A SIXTY DAY ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT and OMNIBUS ORDER GRANTING PLAINTIFF'S MOTIONS FOR EXTENSION**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Recusal [DE 14], the Court's prior Order Granting in Part and Denying in Part Defendant's Motion for Enlargement of Time [DE 11], Defendant's Motion for Extension of Page Limitation [DE 15], Plaintiff's Motions for Extension of Time to Respond to Defendants' Motion to Dismiss [DE's 25, 27 and 28], and Plaintiff's Motion for Enlargement of Page Limitation [DE 26]. The Court has carefully considered the motions and is otherwise fully advised in the premises.[1]

## I. BACKGROUND

Plaintiff Stanley Thomas Vorsteg ("Plaintiff"), acting *pro se*, filed this action against Defendant United States of America ("Defendant") for negligence and gross negligence pursuant to the Federal Tort Claims Act. Plaintiff seeks damages resulting from his

---

[1] The Court issues this Amended Order after receipt of Plaintiff's written opposition to the motion for enlargement of time [DE 12] and Plaintiff's motion for recusal.

incarceration and treatment at different Bureau of Prisons' medical facilities in Florida and Minnesota, over a period dating from January of 2006 until October of 2007.  Plaintiff's fifty-five (55) page complaint contains numerous allegations regarding his treatment over the course of this time.  On July 21, 2011, Defendant moved for a sixty day extension of time to respond to the lengthy Complaint because of the delay in obtaining and reviewing the Bureau of Prisons' records from two different facilities in two different regions of the United States [DE 8].  On July 22, 2011, Plaintiff telephoned chambers to inform the Court that he intended to oppose this relief, and confirmed that under the Local Rules, his response to the motion was not due until on August 8, 2011.[2]  Nonetheless, on August 2, 2011, after most but not all of this time expired, and in an effort to expedite this action, the Court ruled upon Defendant's motion, noting that it has considered Plaintiff's oral opposition to the motion [DE 11].  In its Order, the Court concluded that the Defendant had shown good cause for some extension to respond to the lengthy complaint and granted a 40 day extension, rather than the requested 60 day extension.  Plaintiff has now moved for recusal of the undersigned because this relief was granted prior to receipt of Plaintiff's written opposition, and has also moved for various extensions of time to respond to Defendant's lengthy motion to dismiss.

## II. DISCUSSION

### A.  Motion for Recusal

Plaintiff moves to recuse the undersigned because of the issuance of the order granting in part Defendant United States' motion for an extension of time to respond to

---

[2]  Defendant's initial motion stated that counsel was unable to reach Plaintiff to report his position on the requested relief as required by Local Rule 7.1.a(c).

Plaintiff's lengthy Complaint.  In his recusal motion, Plaintiff accuses the Court of ignoring his right to be heard under Local Rule 7.1(c), because Plaintiff had confirmed with Court staff that his deadline to respond to the motion was August 8, 2011.  The Court apologizes to Plaintiff for attempting to expedite his case as reasonably as can be done with a lengthy complaint.  Though the Court did not have the benefit of Plaintiff's written response, it knew Plaintiff opposed the 60 day requested relief.[3]  Plaintiff's written response to Defendant's extension motion was later received by the Court, in which Plaintiff argued that Defendant's lack of investigation for 14 months of his prior administrative claim constituted inexcusable neglect, which should bar Defendant from any extension of time.  Plaintiff includes a counter-motion seeking default against the United States.

There are two different statutes that address recusal issues.  First, the "mandatory" recusal provision in 28 U.S.C. § 144 provides: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein."  The Eleventh Circuit has held that: "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists.  Properly pleaded facts in a § 144 affidavit must be considered as true."  Christo v. Padgett, 223

---

[3] The recusal motion also explains that Plaintiff had offered not to oppose a 30 day extension of time in exchange for the United States not opposing Plaintiff's forthcoming request to have his brother appointed his "next friend," for purposes of prosecuting this action.  Plaintiff has not filed any request for his brother to act on his behalf.

F.3d 1324, 1333 (11th Cir. 2000) (internal footnotes and citations omitted).

Under § 144, the Court accepts Plaintiff's affidavit as true and timely regarding the prior ruling on Defendant's motion for extension of time.  However, the alleged facts would not convince a reasonable person that a personal bias exists.  This Court (as do most courts) routinely grants reasonable extensions of time for both sides of disputes.  Even if the Court did not wait for Plaintiff's written opposition to what was an otherwise routine motion for extension of time, based upon the knowledge that Plaintiff did oppose the requested 60 day extension, the Court only granted a 40 day extension.

Plaintiff also seeks recusal pursuant to 28 U.S.C. § 455.  "Section 455 requires that a judge disqualify himself 'in any proceeding in which his impartiality might reasonably be questioned' or '[w]here he has a personal bias or prejudice concerning a party.' 28 U.S.C. §§ 455(a) & (b)(1) (2000).  Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality."  Christo, 223 F.3d at 1333.  Here again, the Court concludes that an objective, fully informed lay observer would not doubt the undersigned's impartiality for the reasons stated above.

### B. Motions for Extensions and Enlargement of Page Limit

Upon reconsideration of its procedural ruling regarding the deadline for Defendant's response to the complaint, considering Plaintiff's written opposition, the Court reaffirms that Defendant has shown good cause for a 40 day extension, rather than the full request of 60 days.  Turning to the remaining motions, Defendant moved for an enlargement of the 20 page limit for its motion to dismiss, citing the lengthy nature of the Complaint in this action.  Plaintiff did not file an opposition to this motion.  Therefore, the

Court will grant Defendant's motion and accept the 28 page (including signature page) motion to dismiss as properly filed [DE 18].  Plaintiff has moved for several extensions of time to respond to this motion, as well as a motion to enlarge his page limit.  The Court will grant all of Plaintiff's motions, extending his time to respond to the motion to dismiss from the original date of September 19, 2011, to November 4, 2011, an extension of 46 days, and enlarging the number of allowed pages from 20 to 30.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Recusal [DE 14] is hereby **DENIED**;

2. Plaintiff's Counter-Motion for Default [DE 12] is **DENIED**;

3. Defendant's Motion for Extension of Page Limitation [DE 15] is hereby **GRANTED**;

4. Plaintiff's Motions for Extension of Time to Respond to Defendants' Motion to Dismiss [DE's 25, 27 and 28] are hereby **GRANTED**;

5. Plaintiff's Motion for Enlargement of Page Limitation [DE 26] is hereby **GRANTED**;

6. Plaintiff's Response to the Motion to Dismiss is due November 4, 2011;

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 1st day of November, 2011.

JAMES I. COHN
United States District Judge

copies to:

Stanley Thomas Vorsteg, pro se (via CM/ECF regular mail)
David Mellinger, AUSA