UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61160-CIV-COHN

STANLEY THOMAS VORSTEG,

Magistrate Judge Seltzer

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

_____/

### FINAL ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss [DE 18], Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss [DE 30], Defendant's Reply to Plaintiff's Opposition [DE 32], Plaintiff's Motion for Leave to Supplement its Memorandum of Law with Forthcoming Medical Expert Report [DE 31], Defendant's Response to Plaintiff's Motion for Leave to Supplement [DE 33], and Plaintiff's Motion to Withdraw Motion to Supplement [DE 34].  The Court has carefully considered the motions and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiff Stanley Thomas Vorsteg ("Plaintiff"), acting *pro se*, filed this action against Defendant United States of America ("Defendant") for negligence and gross negligence pursuant to the Federal Tort Claims Act ("FTCA").  Plaintiff seeks damages resulting from his incarceration at Bureau of Prisons' facilities in Florida and Minnesota, over a period dating from January of 2006 until August of 2007.  Plaintiff's fifty-five (55) page complaint contains numerous allegations regarding his treatment over the course of this time.  More specifically, the Complaint alleges that the Bureau of Prisons ("BOP")

negligently designated him to the Federal Prison Camp in Pensacola, Florida ("FPC Pensacola"), and assigned him to an outdoor work detail, despite his age (66) and health conditions (chronic asthma, chronic bronchitis, and hypertension).  Complaint, ¶¶ 7, 10, 16, 30.  Plaintiff alleges that the BOP failed to either inform him to get a pneumonia vaccine or failed to give him the vaccine upon his surrender, and failed to obtain all health data that would determine whether he should have been designated to FPC Pensacola.  Id. ¶¶ 31-33, 37.  Plaintiff also alleges acts akin to medical malpractice during the course of his treatment while in BOP custody.

On January 9, 2006, after being out on bond pending completion of his appeal of his 24 month sentence for possession of 100 or more marijuana plants, Plaintiff voluntarily surrendered to the United States Marshal's Service at his designated facility of FPC Pensacola.  On January 17, 2006, Plaintiff was bussed with other inmates to Eglin Air Force Base to perform grounds-keeping labor.  Id. ¶ 39.  Plaintiff collapsed, at which time he was taken to West Florida Hospital and diagnosed with pneumococcal meningitis.  Id. ¶ 40.  On or about February 23, 2006, Plaintiff was given an emergency medical designation by BOP for transfer to FMC Rochester, a Federal Medical Center correctional institution.  Id. ¶ 52.  Plaintiff's physical transfer occurred on March 3, 2006, during which trip Plaintiff alleges that when taken to a "shack-type" restroom on the airport tarmac upon arrival, he was unaccompanied and fell, striking his ribcage and or the feeding tube in his stomach.  Id. ¶¶ 53-54.  An Inmate Injury Assessment and Followup form was completed during his admission process.  Id. ¶ 55.  Plaintiff alleges that BOP medical personnel failed to properly treat the infection from his stomach injury and discontinued his asthma medication.  Id. ¶¶ 57-61.  Plaintiff alleges various other

lapses in his medical care over the seventeen months he spent at FMC Rochester.  Id. ¶¶ 63-78.  On or about August 7, 2007, Plaintiff was transferred to a halfway house in Dania, Florida, where he took with him "a copy of his voluminous medical records from his entire incarceration, to date, by the BOP, including his long stay at West Florida Hospital."  Id. ¶ 81.  After approximately one month at the halfway house, Plaintiff was transferred to monitored home confinement at his Pompano Beach, Florida residence, and on October 2, 2007, Plaintiff was officially released from BOP custody.  Id. ¶¶ 83-85.

Starting in late 2007, Plaintiff took steps to continue his medical treatments with a neurologist.  Id. ¶ 86.  Plaintiff also "wanted to know exactly what had happened to him medically, and why, while he was a federal inmate."  Id. ¶ 87.  He obtained the help of his brother to review his medical records, a process the brother began in February of 2008.  Id. ¶ 88.  Plaintiff alleges that it was not until May 27, 2008, after his brother's initial review of all of Plaintiff's medical records and receipt on May 18, 2008 of a report from Plaintiff's neurologist, Dr. Barnea, that Plaintiff believed that the failures of the BOP medical staff caused his injuries.  Id. ¶ 90.  Plaintiff filed his Administrative Claim with the Bureau of Prisons on May 25, 2010.  Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss [DE 30].

Plaintiff alleges claims for the failure of the BOP to properly classify him under BOP regulations, and for medical malpractice by BOP employees.  Defendant has moved to dismiss Plaintiff's claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because Plaintiff's claim was not filed within two years of its accrual, Plaintiff never filed a claim for an inmate accident, and the discretionary function

exemption precludes Plaintiff's claims.  Plaintiff opposes the motion.[1]

## II. DISCUSSION

### A.  FTCA Two-year Statute of Limitations

Defendant argues that this Court lacks subject matter jurisdiction because Plaintiff did not exhaust his administrative remedies by filing his claim with the BOP within two years after his claims accrued.  Defendant is correct that the FTCA bars any tort claim against the United States unless it is presented in writing to the appropriate federal agency within two years after such claim accrues.  28 U.S.C. § 2401(b).  Defendant contends that the Complaint reveals that the last act which Plaintiff alleges caused him injury occurred on June 20, 2007 (Complaint, ¶ 74), months prior to his release from custody in October of 2007, and more than two years prior to the filing of his claim on May 25, 2010.

In his opposition, in which he cites to no reported case law, Plaintiff claims that he did not discover the cause of his injuries until after his family had time to review his voluminous medical records.  Plaintiff's Response at ¶ 11.  Plaintiff argues that under the FTCA, a claim does not accrue until the plaintiff knows both the fact of his injury and the cause.  However, in U.S. v. Kubrick,  444 U.S. 111, 123 (1979), the United States Supreme Court stated that: "We thus cannot hold that Congress intended that 'accrual' of a claim must await awareness by the plaintiff that his injury was negligently inflicted."  The Court rejected the exact argument made by Plaintiff in this case – that a layman

---

[1] Plaintiff had originally filed a motion for leave to supplement his opposition to the motion to dismiss with an expert report, but Plaintiff withdrew that motion on December 1, 2011.

plaintiff without medical advice, combined with the "technical complexity" of the case, would not lead such plaintiff to suspect that he received negligent care. Kubrick, 444 U.S. at 118. This holding does not support Plaintiff's argument in this case for several reasons: 1) he knew he became ill and that he had fallen in 2006 while in the custody of the Bureau of Prisons; 2) he received his medical records in July of 2007; 3) he was released from FMC Rochester in August of 2007; and 4) he was completely released from custody in October of 2007. Plaintiff knew he was injured and knew he was in BOP custody and control during this time. Id. at 122. He had more than enough time after his release to learn about the medical causation of his injuries, yet he did not file his claim until May of 2010.

While the Court is sympathetic to Plaintiff's position, it is without authority to alter the limited waiver of sovereign immunity created by Congress. Phillips v. U.S., 260 F.3d 1316, 1318 (11th Cir. 2001). In addition, although not raised by Plaintiff, to the extent he seeks to invoke the doctrine of equitable tolling to excuse his delay in filing his claim, this ability to extend the statute of limitations is sparingly applied to claims against the United States. Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 95-96 (1990). Such tolling is allowed where "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Id. at 96. These circumstances do not apply in this case.

### B. Inmate Compensation Act Procedures

Defendant argues an additional basis to dismiss Plaintiff's claims for lack of subject matter jurisdiction is that Plaintiff failed to file a claim under the prisoner

5

compensation law, "the exclusive remedy for a federal prisoner injured while working, regardless of allegations of governmental negligence." Aston v. U.S., 625 F.2d 1210, 1211 (5th Cir. 1980).[2] However, Plaintiff's claims in this case stem from more than just a fall while working – his injuries stem from a disease, which may or may not be caused by working conditions; from pre-existing health conditions such as asthma; and from a fall while being transported to FMC Rochester. Therefore, the Court does not rely on Defendant's argument on this issue for its ultimate conclusion in this case.

### C. Discretionary Function Exception

Defendant further argues that several of Plaintiff's claims should be dismissed pursuant to the discretionary function exception, codified at 28 U.S.C. § 2680(a). This exception only covers acts that involve: 1) an element of judgment or choice; and 2) actions based upon consideration of public policy. U.S. v. Gaubert, 499 U.S. 315, 322-24. To survive a motion to dismiss, a plaintiff "must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the [BOP] regulatory regime." Id. at 324-25. The Defendant contends that the claims that fall under this exception include Defendant's alleged negligence in designating Plaintiff's place of incarceration, in assigning Plaintiff to his work detail, in not providing Plaintiff with pre-imprisonment vaccination information, and the alleged negligence in hiring and supervising Defendant's

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the Circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

employees.  Plaintiff failed to address this argument in his response.

### III.  CONCLUSION

The Court concludes that it lacks subject matter jurisdiction over Plaintiff's claims because he failed to file the claim with the BOP within two years of the accrual of the claim.  Despite the conclusory allegation in the Complaint that the claim accrued on May 27, 2008, the claims actually accrued in 2006 or 2007, when Plaintiff was injured and/or sick while in the custody of BOP.  At the latest, the claims accrued a few months after his release from custody in October 2007, but no set of facts can be pled that would show accrual later than the beginning of 2008, more than two years prior to the filing of the administrative claim on May 25, 2010.[3]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [DE 18] is hereby **GRANTED**;

2. Plaintiff's Motion to Withdraw Motion to Supplement [DE 34] is hereby **GRANTED**;

3. Plaintiff's Motion for Leave to Supplement its Memorandum of Law with Forthcoming Medical Expert Report [DE 31] is hereby **DENIED as moot**;

4. Plaintiff's claims are dismissed for lack of subject matter jurisdiction;

---

[3] The Court does not rely upon the discretionary function exemption for this conclusion.

5.  The Clerk shall close this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of December, 2011.

_____
JAMES I. COHN
United States District Judge

copies to:

Stanley Thomas Vorsteg, pro se (via CM/ECF regular mail)
David Mellinger, AUSA